## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HEILMAN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:21-cv-00862-MRH ) |
| v. | ) **Chief Judge Mark R. Hornak** ) |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA LLC, | ) *Electronically filed* ) ) CLASS ACTION ) |
| Defendants. | ) JURY TRIAL DEMAND ) |

### PLAINTIFF'S BRIEF IN PARTIAL OPPOSITION TO
### DEFENDANTS' MOTION TO STAY (*ecf* 15)

AND NOW comes Elizabeth Heilman, Plaintiff herein, by her undersigned counsel and

respectfully submits this Brief in support of her Response in Partial Opposition to Defendants'

Motion to Stay Proceedings (*ecf* No. 15) pending a decision by the United States Judicial Panel

on Multidistrict Litigation ("JPML") on a Motion for Transfer and Coordination or

Consolidation Under 28 U.S.C. §1407 (MDL No. 3014, *ecf* No. 1),[1] stating as follows:

### LEGAL STANDARD

"A stay is an extraordinary measure." *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994).

"The party requesting a stay bears the burden of showing that the circumstances justify an

exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v.*

---

[1] Undersigned counsel Chimicles Schwartz Kriner & Donaldson-Smith LLP also represents plaintiffs John Anthony, Andrea Akers, Robert Peebles, Jonathan Jones, and Christina Harris-Errera, who filed similar cases in this Court. *See* Case Nos. 2:21-cv-01034-MRH; 2:21-cv-01008-MRH; 2:21-cv-00962-MRH; and 2:21-cv-00975-MRH.

*Jones*, 520 U.S. 681, 708 (1997)). The moving party "must state a clear countervailing interest to abridge a party's right to litigate." *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 140 (3d Cir. 2004). Courts in this Circuit weigh the following factors in deciding whether to grant a stay: "(1) The length of the requested stay; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *Scalia v. Elder Res. Mgmt.*, No. 2:19-cv-00546-CCW, 2020 U.S. Dist. LEXIS 236689, *4 (W.D. Pa. Dec. 16, 2020) (quoting *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-01577, 2015 U.S. Dist. LEXIS 139269, *6 (W.D. Pa. Oct. 13, 2015)). Where "there is 'even a fair possibility' that a stay will harm the nonmoving party", a "movant must demonstrate 'a clear case of hardship or inequity.'" *Scalia*, 2020 U.S. Dist. LEXIS at *5 (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting *Landis v. North American Co.,* 299 U.S. 248, 255 (1936)).

While the Philips Defendants are certainly correct that the Court has broad discretion to issue a stay under these circumstances, "'a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation.'" *Tonge v. Novartis Pharm. Corp.*, No. 2:20-cv-168-JLB-NPM, 2021 U.S. Dist. LEXIS 137524, at *2 (M.D. Fla. July 23, 2021) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). *See also* J.P.M.L. R.P. 2.1(d) ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").

**ARGUMENT**

While Defendants' request for a temporary stay of this matter is not unreasonable in light

of the proceedings pending before the JPML, there is a risk that Plaintiff and putative class

members may suffer prejudice from destruction of key evidence if a stay is granted before an

urgent preservation issue is resolved.  Defendants have recently begun replacing certain recalled

CPAP breathing devices that are at issue in this litigation. As part of this replacement,

Defendants have asked proposed class members to return the recalled CPAP machines to

Defendants and/or to certain of its durable medical equipment distributors. As noted in Plaintiff's

accompanying Response in Partial Opposition at footnote 2, the return instructions sent by

Defendants specifically reference that the machines should be returned in order to "ensure proper

disposal."


When Defendants requested if Plaintiff would consent to the Motion to Stay, Plaintiff

responded, in order to avoid prejudice, by asking for confirmation that Defendants are taking the

appropriate steps to preserve the relevant evidence obtained from consumers and distributors as

part of the returns. However, Defendants refused to engage in the discussion and did not provide

Plaintiffs with a substantive response. The Philips Defendants' September 17 motion to stay does

not address this issue at all, nor identify any prejudice that any of them would incur by taking

reasonable steps to preserve these machines instead of "dispos[ing]" of them.


Plaintiff's counsel in this action, working with counsel representing many plaintiffs in a

number of related actions pending in the District of Massachusetts and other districts across the

country (and thousands of other proposed class members, many of whom have been injured by

their use of the subject devices), also sent Defendants a formal preservation letter regarding these

machines and concerns about their disposal. *See* Exhibit A. To date, Plaintiffs are awaiting a

substantive response from Defendants. The same group of plaintiffs and counsel previously sent

Defendants two additional preservation letters which have been ignored.

Lack of preservation of these machines has the potential to result in injury and hardship

to the ability of Plaintiff and the proposed class members if these machines are not properly

preserved. Preservation of the allegedly defective products, along with appropriate steps to

document the preserve the chain of custody, will obviously be critical. Plaintiff understands

Defendants' hesitancy to move the case forward before a ruling from the JPML to preserve

resources until the related cases are coordinated and/or consolidated for pre-trial proceedings in a

single District. But Defendants refusal to provide the confirmation regrading preservation that is

typically provided by defendants without controversy is both mystifying and concerning. It will

likely take at least several more weeks before the JPML rules and the process of appointing

Interim Class Counsel will likely take even longer. In the interim, Plaintiff and putative class

members should not be placed at risk of possible spoliation of evidence. Therefore, to avoid

prejudice, any stay of the case must be contingent on confirmation that the CPAP machines and

other evidence are appropriately preserved. This Court has the authority to issue such an order to

protect the rights of absent class members pursuant to FED. R. CIV. P. 23(d)(1).

Accordingly, Plaintiff respectfully requests that if the Court is inclined to grant

Defendants' Motion to Stay, the Court's Order should require Defendants to provide

confirmation that they and their durable medical equipment distributors are taking the necessary

5

steps to preserve the evidence that is the subject of this litigation, along with a reasonably

detailed description of those steps.


Dated:  September 20, 2021                                Respectfully Submitted,


By: */s/ Arthur H. Stroyd, Jr.*                          By: */s/ Steven A. Schwartz*
Arthur H. Stroyd, Jr.                                    Steven A. Schwartz
Patrick K. Cavanaugh                                     Benjamin F. Johns
Stephen J. Del Sole                                      Beena M. McDonald
**DEL SOLE CAVANAUGH STROYD LLC**                        Alex M. Kashurba
Three PPG Place                                          **CHIMICLES SCHWARTZ**
Suite 600                                                **KRINER**
Pittsburgh, PA 15222                                     **& DONALDSON-SMITH LLP**
Tel: (412) 261-2172                                      361 W. Lancaster Avenue
Fax: (412) 261-2110                                      Haverford, PA 19041
astroyd@dscslaw.com                                      Tel: (610) 642-8500
pcavanaugh@dscslaw.com                                   Fax: 610-649-3633
sdelsole@dscslaw.com                                     sas@chimicles.com
                                                         bfj@chimicles.com
                                                         bmm@chimicles.com
                                                         amk@chimicles.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the foregoing Brief in Opposition to Defendants' Motion to Stay with the Clerk of the Court using this Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Arthur H. Stroyd, Jr.*